VAN VALKIN-
BURGH
v.
WATSON.

A parent is bound to provide his infant children with necessaries, and if he neglect to do so, a third person may supply them, and charge the parent with the amount.

But such third person must take notice of what is necessary for the infant, according to his situation in life, and where the infant lives with his parent, and is provided for by him, a person furnishing necessaries cannot charge the parent.

VAN VALKINBURGH *against* WATSON AND WATSON.

IN ERROR, on *certiorari* to a justice's court.

The defendants in error brought an action in the court below against the plaintiff in error, for necessaries furnished by them to his infant son. On the trial it appeared that the son of the defendant below came to the store of the plaintiffs below, and purchased a coat for himself; but there was no evidence that it was done with his father's consent. The defendant proved that his son lived in his family, and was comfortably and decently clothed, according to his circumstances. A verdict and judgment were given for the plaintiffs in the court below.

*Per Curiam.* A parent is under a natural obligation to furnish necessaries for his infant children; and if the parent neglect that duty, any other person who supplies such necessaries is deemed to have conferred a benefit on the delinquent parent, for which the law raises an implied promise to pay on the part of the parent. But what is actually necessary will depend on the precise situation of the infant, and which the party giving the credit must be acquainted with, at his peril. (*Simpson* v. *Robertson*, 1 *Esp. Rep.* 17., *Ford* v. *Fothergill*, *Id.* 211.) In the case of *Bainbridge* v. *Pickering*, (2 *Wm. Black. Rep.* 1325.,) *Gould*, J. says, with great propriety, " No man shall take upon him to dictate to a parent what clothing the child shall wear, at what time they shall be purchased; or of whom; all that must be left to the discretion of the father or mother." Where the infant is *sub potestate parentis*, there must be a clear and palpable omission of duty, in that respect, on the part of the parent, in order to authorize any other person to act for, and charge the expense to, the parent. In this case, there is no ground to charge the father with any neglect of duty, in providing necessaries for his child, and the judgment must be reversed.

Judgment reversed.