### LUDWIG POOCK *v.* LOUIS MILLER.

In an action against a husband for clothing furnished to his infant children, the opinion of a witness that they were necessary for them is not sufficient evidence of that fact. The circumstances which rendered the furnishing of the goods necessary should be shown.

To sustain such an action, it must appear that the articles supplied were furnished with the assent, or by the authority of the father, or to keep the children from absolute want, or that there was absolute necessity for them.

APPEAL by plaintiff from a judgment of the Fourth District Court. This action was brought by the plaintiff as assignee of one Frederick Wellmann, to recover for clothing furnished to the infant children of the defendant. The plaintiff proved that the goods were delivered to the minor children of the defendant; that the prices charged were reasonable and fair prices, and the assignment of the claim to the plaintiff; and one of the witnesses (the assignor of the claim) testified that "the clothing was necessary for the sons of the defendant." On this evidence he rested. The justice dismissed the complaint, and the plaintiff appealed.

*James McGay,* for the appellant.

*Niles* and *Bagley,* for the respondent, cited, in support of the position that the evidence was not sufficient to warrant a recovery, the following cases: *Varney* v. *Young,* 11 Verm. 258; *Hunt* v. *Thompson,* 3 Scaman, 179; *Angel* v. *McLellan,* 16 Mass. 28; *Mortimer* v. *Wright,* 6 Mees. & W. 482; *Van Valkenburgh* v. *Watson,* 13 John. R. 480; *Baker* v. *Keen,* 2 Stark. R. 501.

BRADY, J.—The justice did not err in granting the nonsuit. The evidence was not sufficient to charge the defendant for the the clothes furnished his children. Proof by the witness, Wellmann, that they were necessaries does not establish that fact legally, in reference to the liability of the parent. Clothing is

necessary, but whether any particular clothing is necessary or not depends wholly upon circumstances, which should be shown. If the defendant provided sufficient clothing for his infant children, then that furnished by the plaintiff was not necessary in legal contemplation, and no recovery could be had for it on the mere statement of a witness to the contrary.

It is not sufficient to charge the parent to show that the children supplied were minors, and that the articles furnished were necessary articles. Some assent or authority, by or from him, must be shown (Story on Con. § 70, and numerous cases there cited; 1 Vol. Parsons on Contracts, 253), unless there is proof that the articles sold were delivered to the infants to keep them from absolute want, or that there was absolute necessity for their use. No evidence of either of these elements appears in the return.

A parent is under a natural obligation to furnish necessaries for his infant children, and, if he neglects to do so, a person who supplies them confers a benefit on the delinquent parent, for which the law raises an implied promise to pay on the part of such parent. But what is actually necessary will depend on the precise situation of the infant, and *which the party giving the credit must be acquainted with at his peril*—(*Van Valkenburgh* v. *Watson*, 13 John. 480)—and must prove to maintain his action.

Judgment affirmed.