CHARLES W. HENRY *v.* FREDERICK B. BETTS.

No action can be maintained against a father for clothes furnished to his minor child, upon the ground of their being necessaries, where it appears that the child is well provided for by the father.

But evidence that a minor child ordered clothes of a party, for which his father subsequently paid without objection, is sufficient to warrant a finding of authority from the parent to the child to incur such obligations, and make such contracts on behalf of the father with the same person.

APPEAL by defendant from a judgment of the Sixth District Court. The facts are sufficiently stated in the opinion of the court.

*Gould and Field*, for the appellant.

*Alex. Spaulding*, for the respondent.

INGRAHAM, FIRST JUDGE.—This action is brought for clothes sold by the assignor of the plaintiff to defendant's son, he then being a minor, aged twenty years. Three or four years before, the son had ordered and procured clothes of the plaintiff, and defendant had paid the bills. The defendant never ordered any himself.

It is also shown that the son lives with his father, who is able to provide for him, and had so provided at this time. It is very clear that the defendant is not liable, upon this evidence, for the clothes as necessaries furnished to a child. There is no evidence showing they were necessary, or suited to the son's station in life, or that the defendant refused or neglected to provide for the son. On the contrary, it was admitted that the son was well provided for by the father. This of itself would be an answer to the claim on the ground that it was for necessaries furnished to an infant. *Van Valkenburgh* v. *Watson*, 13 J. R. 480; *Raymond* v. *Lloyd*, 10 Barb. S. C. p. 483; *Poock* v. *Miller*, *ante*, p. 108. I am of the opinion, however, that the facts proven are sufficient to establish the defendant's liability on another ground. The evidence shows that the defendant had previously permitted his son, when younger and having less discretion for such a purpose, to purchase clothing, and the defendant afterwards paid the bills. The rule is well settled, that a father is not liable in such a case, unless an authority is proven or may be implied from the circumstances.

The justice has found in favor of the plaintiff, and his finding cannot be disturbed. In *Baker* v. *Keen* (2 Starkie's R. 501), a much less amount of evidence was considered sufficient to warrant the jury in finding that such implied authority existed. In that case, merely evidence that the father had placed a son at a military college, and paid his expenses there, was considered sufficient to warrant the presumption of authority from the father to order regimentals and other articles for his equipment.

So it has been held that a contract made by a wife for the board of an infant daughter, unknown to her husband, but afterwards paid for by him, although he expressed disapprobation at it, was sufficient to establish the existence of a discretionary power on the part of the wife to contract for this purpose. See *Forsyth* v. *Milne*, cited in Story on Contracts, p. 120.

The evidence of previous purchases by the son with the knowledge of the father, and his payment of such bills, was sufficient to warrant an implied authority from the father so to do, and the fact, that such authority was given when the infant was younger and less capable of exercising his judgment than when he made the last purchase, furnishes no evidence to rebut such presumption.

Judgment affirmed.