### CLINTON and ESTES *vs.* ROWLAND.

A father is not liable for articles of clothing furnished to his minor child without his consent, in the absence of any proof that he had neglected to supply such child with clothing necessary and proper for his condition in life.

After books of account have been introduced in evidence, on a trial before a justice, they become the property of both parties, as evidence in the cause, and the party producing them cannot be allowed to withdraw them from the consideration of the jury, without the consent of the opposite party.

THE plaintiffs recovered a judgment in this action against the defendant, before a justice of the peace, for $10.23 damages and $3.94 costs; which judgment was reversed by the Otsego county court; and the plaintiffs appealed from the judgment of the latter court to this court. The action was founded on an account which Stephen Estes had against the defendant for necessary articles of clothing, which it was claimed he furnished to the defendant's minor daughter while she was at work for him (Estes) in 1854, beyond the price of her labor. The defendant's daughter worked for Estes with the defendant's consent; and there was no proof that the defendant had relinquished his right to the earnings of his daughter, or that he consented to her buying any of the articles of clothing of Estes; or that the defendant had neglected to furnish her with clothing necessary and proper for her condition in life. The account books of Stephen Estes were given in evidence, and showed that the goods were charged to the daughter; and there were items of credit to the daughter, on the books, exceeding $20. The issues were tried by a jury. The plaintiffs gave evidence of the delivery of goods to the daughter of greater value than they recovered, independent of the books; and after they had given such evidence the justice permitted them to withdraw their books from the consideration of the jury, and rely upon their other evidence in the case, although the defendant objected to the withdrawal of the books, on the ground that they were the property of both parties. The plaintiffs were assignees of Stephen Estes, and held the account on which they recovered the judgment, as such assignees, in trust for the benefit of the creditors of the assignor. The defendant asked the justice to nonsuit the plaintiffs, and he declined to do it.

Clinton v. Rowland.

*B. Estes* and *J. E. Dewey*, for the plaintiffs.

*E. M. Card*, for the defendant.

*By the Court*, BALCOM, J.   All payments which Stephen Estes made to the defendant's minor daughter, for her services, were valid, because the defendant did not notify him that he claimed her wages, within thirty days after the commencement of her services. (*Laws of* 1850, *p.* 579, *ch.* 266.)   But the plaintiffs cannot recover of the defendant for articles of clothing which Stephen Estes. furnished to the defendant's daughter, beyond the price of her services, for two reasons : 1st, the defendant gave his daughter no authority to procure the clothing, and Estes had none from the defendant to let her have any ; 2d, there was no omission of duty on the part of the defendant as to furnishing his daughter with all necessary clothing. (*Van Valkinburgh* v. *Watson*, 13 *John.* 480.   2 *Kent's Com.* 4th ed. 192.

The justice erred in permitting the plaintiffs to withdraw the account books of Stephen Estes from the consideration of the jury.   The plaintiffs introduced the books as evidence ; and they could not withdraw them when they found that the defendant would claim that they showed the goods were sold upon the daughter's credit, and charged to her instead of the defendant ; or because the defendant would claim that they showed a credit to his daughter of over $20.   When the plaintiffs put the books in evidence, they became the property of both parties, as evidence in the cause ; and the plaintiffs could not get rid of their effect, without the consent of the defendant. (*See Winants* v. *Sherman*, 3 *Hill*, 74 ; *Vibbard* v. *Staats*, *Id.* 144.)

The judgment of the justice was erroneous, and the county court did right in reversing it.   The judgment of the county court should therefore be affirmed, with costs.

Decision accordingly.

[OTSEGO· GENERAL TERM, July 14, 1857.   *Gray, Mason* and *Balcom*, Justices.]