McAdam, Ch. J.
We must assume that the clothing furnished by the plaintiff was reasonable and proper, according to the defendant’s condition in life, or otherwise the judgment must be reversed for error of the trial judge, in refusing to permit the plaintiff to prove the defendant’s financial condition, a fact the plaintiff proposed to establish while the defendant was on the witness stand. The only question to be considered, therefore, is the defendant’s liability, which springs from the relation of the parent to his offspring, and is founded on a natural duty to furnish necessaries for his infant children according to his means.
If the child be living with the parent, neglect will not be presumed, and “ no man shall take upon him to dictate to a parent what clothing the child shall wear, at what time they shall be purchased, or of whom. All that must be left to the discretion of the father or mother ” (Bainbridge v. Pickering, 2 H. Bl. 1325 ; Van Valkinburgh v. Watson, 13 Johns. 480). The defendant’s son was living apart*from the defendant by the latter’s act, and we are to consider how far this affects the defendant, for what is actually necessary for an infant will depend upon his situation at the time.
In Baker v. Keen (2 Stark. 501) the father had placed his son at a military college, and paid his expenses there, and this was considered sufficient to warrant the presumption of authority from the father to order regimentals and other articles for his equipment. The son in the present case was placed in the school at Exeter. He was expected to pursue a course of studies there, and if, as the son said, he had nothing but a thin overcoat, and had outgrown his other clothing, the father ought to have supplied what the son needed, as the son could not be expected, under the circumstances, to supply them at 1ns own expense. The cold winds of New Hampshire, where the father located his son, entitled him to clothing suitable to the climate, and his *192 gradual growth called for clothing suited to his increased size, so as to permit him to make a presentable appearance at his school, and if the father failed to supply these necessaries, the son had the right to procure them on the father’s credit. This is founded on the rule that if the parent neglects his duty, any other person who supplies the necessaries is deemed to have conferred a benefit on the delinquent parent, for which the law raises an implied promise to pay on the part of the parent. The evidence was sufficient to entitle the plaintiff to go to the jury on the questions involved (2 Kent Com. 13 ed., 193; Baker v. Keen, supra ; Mahoney v. Evans, 51 Pa. St. 83; Davis v. Caldwell, 12 Cush. 513).
When the standard of paternal duty is a shifting one, depending upon circumstances and on inferences about which intelligent persons may honestly differ, it is a question which should be determined by the jury. We think the trial judge erred in assuming, as matter of law, that, on the facts stated and the inferences to be drawn from them, no liability could possibly attach. The defendant’s testimony was unsatisfactory as to what clothing he had furnished his son, and was silent as to whether or not he furnished a winter overcoat, which the nature of the climate and time of the year would indicate the son needed. He was also silent as to what pecuniary provision (if any) he made for his son while at Exeter. These things may he more satisfactorily explained on the new trial.
Upon the record as it stands, we'think the judgment ought to be reversed and a new trial ordered, with costs to the appellant to abide the event.
Hyatt and Ehrlich, JJ ., concurred.