## McCORKLE *v.* HERRMANN.

*(Supreme Court, General Term, First Department.　March 29, 1889.)*

1. PLEADINGS—CONCLUSIONS OF LAW AND FACT.
　　An allegation in a pleading that due proceedings had been taken, by which mechanics' liens were filed, is not demurrable, as alleging a conclusion of law, and not of fact; because not alleging the various steps by which the liens were established.

2. EXECUTION—RECEIVERS—LIENS.
　　A receiver in supplementary proceedings takes a claim due his debtor subject to mechanics' liens filed against it prior to the time when the preliminary order was served.

Appeal from special term, New York county

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Howard R. Bayne,* for appellant.　*F. C. Reed,* for respondent.

VAN BRUNT, P. J. The plaintiff, by his complaint, alleged his due appointment as receiver of one John J. Murphy in proceedings supplementary to execution, and that Murphy had entered into a contract with the defendant to perform certain work, labor, and services, and to furnish certain materials, in completing and furnishing a building for the defendant for a price agreed upon; that Murphy duly performed his contract, and by virtue thereof there was due and payable to the plaintiff, as receiver, the sum of $1,400; which sum the plaintiff has duly demanded, and payment had been refused. The answer admits the making of the contract, but denies its performance, and then alleges that the entire alleged claim set forth in the complaint has been, by due proceedings under the statutes of this state, subjected to liens under the law known as the "Mechanics' Lien Law," in favor of various creditors of said Murphy, as contractor, and material-men and laborers and mechanics who furnished materials and performed the labor on said building, and that the said liens are subsisting, and that such as is in any way due or owing for which the defendant is liable to pay for the remainder claimed to be owing is chargeable under said liens so made with the amount thereof prior to the alleged claim of the plaintiff, and that said liens were valid, and in existence at and prior to the commencement of this action. The defendant then alleges that he is informed and believes that each of said claims is for a valid debt due from Murphy to the respective parties, and that the amount of said liens exceeds the alleged balance due to the plaintiff, and any residue due under the contract on which this action is brought, and that by reason thereof said alleged balance is payable to said lienors, and not to the plaintiff, and that the plaintiff and defendants in the action to foreclose said liens are necessary parties thereto, in order to a complete and final determination of the rights and interests of the parties. The plaintiff demurred to that portion of the answer attempting to set up these

liens, and his demurrer seems to be based upon two grounds—*First*, because there are no allegations of fact showing the existence of the liens in question, but the allegations contained in the answer are simply allegations of conclusions or inferences of law; and, *secondly*, because the plaintiff's title as receiver to the personal property of the judgment debtor extends back so as to include his personal property at the time of the service, requiring him to attend and be examined. This demurrer was overruled, and from the judgment thereupon entered this appeal is taken.

It seems to us that, in raising the question as to the sufficiency of the allegations in the answer, the learned counsel has failed to distinguish between conclusions of fact and conclusions of law and statements of evidence. The argument which has been addressed to us in support of this demurrer is that the various steps must be alleged by which the lien was established, and that if any of these are absent the pleading is defective. We think that a pleading of that description would be subject to the criticism that evidence was being set up, and not allegations of fact. It is true that many conclusions of fact depend upon conclusions of law, but this circumstance in no way affects their competency In pleading a judgment, it is not necessary to allege all the steps which were taken in order to secure the judgment. It is sufficient to say that the judgment has been duly entered. It is undoubtedly a conclusion of law whether the judgment has or has not been duly entered, but it is also a conclusion of fact. It is a conclusion of law as to whether the proper steps have been taken to authorize the entry of the judgment and to confer jurisdiction. The same is true in regard to the allegation that an action has been commenced and is pending between the same parties, for the same cause of action. As to whether an action has been commenced or not is a conclusion of law, depending upon facts proven. It is also a conclusion of fact, depending upon the determination of that question as to whether the steps have been taken by which an action was commenced. So, in the case at bar, where the allegation is that due proceedings were taken by which these liens were filed, the pleader has complied with the rule of alleging conclusions of fact, and not alleging the evidence from which such conclusions must be drawn.

The next objection is clearly untenable. The statute gives a creditor a lien against a particular fund upon his doing certain things, and that lien is superior to the claim of any other creditor who has not taken the steps designated by the statutes to secure a lien. The plaintiff, by his appointment as receiver, undoubtedly became vested with all the right, title, and interest of his judgment debtor in and to this fund, as of the time when the preliminary order was served. But he gets no greater right than he would have had if his judgment debtor had assigned the same to him on that day, and he cannot enforce any other or greater rights than his judgment debtor could enforce. His creditors, by the permission of the statute, have been enabled to assert a claim upon this debt due to the judgment debtor, and, by reason of the statute, having taken those steps, they have a superior claim upon this debt due to him; and by the transfer of this debt to another person, whether by operation of law or by a voluntary assignment, the plaintiff's debtor could not deprive his creditors of the rights which the law conferred upon them. We think, therefore, that the demurrer was properly overruled, and that the judgment should be affirmed, with costs.

All concur.