EDWARD A. TORREY AND OTHERS, AS TRUSTEES OF UNION FREE SCHOOL DISTRICT No. 3 OF THE TOWN OF ALLEGANY, RESPONDENTS, *v.* HARRIET WILLARD, APPELLANT.

*A personal judgment is recoverable by the trustees of a Union Free School District against a party assessed for a school tax — implied contract obligation — objection on appeal not raised on trial.*

An action may be brought by the trustees of a Union Free School District to recover a personal judgment for the amount of a tax.

Although there is no evidence of an express contract on the part of the party assessed to pay, yet there is an implication, by law, of a contract sufficient to sustain the action. The obligation of the citizen to pay, may be inferred from the authority conferred upon the officers to levy the tax.

An objection that the school district, as a corporation, should have brought the action, rather than the trustees, is not available for the first time on appeal.

APPEAL by the defendant from a judgment of the County Court of Cattaraugus county, entered in the office of the clerk of the county of Cattaraugus on the 10th day of August, 1889.

The action was originally brought in a Justice's Court to recover the amount of a school tax from the defendant, who had been assessed therefor. A judgment was rendered in that court in favor of the plaintiffs, as trustees, which was subsequently affirmed by the County Court, from which judgment of affirmance an appeal was brought to this court.

*Cary & Rumsey*, for the appellant.

*J. Arthur Corbin*, for the respondents.

MACOMBER, J.:

Neither the regularity of the assessment, nor the issuing of the warrant for the collection thereof, is called in question on this appeal. A point is made for the appellant that there is not sufficient evidence of diligence on the part of the collector having the warrant in hand to collect the amount thereof; but we think it sufficiently appears that he was justified in returning the process without being able to make the amount thereof from any tangible property of the defendant.

Under these circumstances, the question is, whether an action can be maintained by the trustees of this school district to recover in a common-law action the amount of such tax. There is no statute which gives this right of action, and resort, therefore, must be had to the common-law right of action of assumpsit to recover moneys upon a contract either express or implied, or this action must fail.

There is wanting in the case evidence of an express contract by the defendant to pay; but we think there is sufficient implication by law of a contract on her part which will enable this action to be maintained. It may be generally said that there exists an implied contract or promise to do that which a party is under a legal obligation to do. (1 Chitty on Pl., 98, 99.) Whenever there is a legal obligation resting upon a party to pay, this form of action is available at common law. In the case at bar the defendant, who was clearly liable for the assessment for the support of this school, had acquiesced in the selection of these plaintiffs as the proper persons

to impose and adjust the expenses of conducting the school. They may be deemed, in a measure, though with many restrictions, the. agents of the defendant and other residents of the district charged with the duty of raising, by an equitable distribution of a tax, sufficient funds for the support of this school. The obligation of the citizen to pay is inferred from the authority to levy the tax. (*Litchfield* v. *McComber*, 42 Barb., 288.)

No objection was raised in the court of the justice of the peace that this action, if. maintainable by any person, should have been brought by the Union Free School District as a corporation rather than by these trustees, and hence, no technical objection to a recovery can be raised for the first time in. this court.

The judgment appealed from should be affirmed, with costs.

BARKER, P. J., and DWIGHT, J., concurred.

Judgment affirmed, with costs.