## LANEY v. LANEY.

*(Supreme Court, General Term, Fifth Department.* October 23, 1890.)

1. PLEADING—COMPLAINT—SUFFICIENCY.

A complaint filed in the supreme court alleged that on March 20, 1885, plaintiff was appointed administrator of the estate of one L., deceased; that on March 14, 1887, he presented to the surrogate's court his petition to settle his accounts as administrator; that in February, 1888, a decree was entered settling plaintiff's accounts, and directing the payment to defendant of $5,885, as her share of decedent's estate; that between April 4, 1885, and February 6, 1890, he advanced to defendant at various times sums amounting to $7,292, and between February 20, 1888, and March 6, 1890, sums amounting to $3,156; that no part of said sums had been paid or accounted for by defendant; and that in March, 1890, defendant caused the surrogate's decree to be docketed as a judgment of the supreme court, and an execution to be issued thereon, and levied on plaintiff's property. The complaint then prayed judgment that plaintiff's advances be applied in extinguishment of the judgment, and that meanwhile sale under the execution be enjoined. *Held*, that the complaint alleged with sufficient certainty the payment of the moneys therein stated, and meant that defendant had received more than enough money from the estate to pay her decree.

2. PARTIES—JOINDER—INDIVIDUAL AND REPRESENTATIVE CAPACITY.

Since the decree of the surrogate's court was against plaintiff as administrator, and the docketing and levying reached his individual property, it was proper for plaintiff to sue both in his representative and in his individual capacity.

Appeal from special term, Monroe county.

Action by Enos G. Laney individually, and as administrator of the estate of James Laney, deceased, against Mary K. Laney. An interlocutory judgment was entered overruling a demurrer to the complaint, and there was an order denying defendant's motion to dissolve an injunction. Defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*J. & Q. Van Voorhis*, for appellant. *Theodore Bacon*, for respondent.

CORLETT, J. The complaint alleges that on the 20th day of March, 1885, he was appointed by the surrogate of Monroe county one of the administra-

tors of James Laney, deceased. On the 14th day of March, 1887, the plain-
tiff presented to the surrogate's court of that county his accounts for settle-
ment. In February, 1888, a decree was made by the surrogate's court settling
the plaintiff's account as administrator, and directing the payment to the
defendant of $5,855.56 for her share in the residue of the estate of the de-
ceased. In December, 1889, the decree was modified so as to reduce the
amount to $5,381.30. The complaint alleges that between the 4th day of
April, 1885, and the 6th day of February, 1890, the plaintiff advanced to the
defendant at various times, and in various amounts, a large sum of money,
which on the 20th day of February, 1888, amounted to the sum of $7,292.57;
also that between the 20th day of February, 1888, and the 6th day of March,
1890, the plaintiff advanced to the defendant at various times, moneys to the
amount of $3,156.50; that no part has been paid or accounted for by the de-
fendant; that in March, 1890, the defendant obtained a transcript of the sur-
rogate's decree, and filed it in the Monroe county clerk's office; and caused it
to be docketed as a judgment of the supreme court, and that she caused an
execution to be issued upon the judgment for $5,881.20, which recited the
surrogate's decree, etc., and the sheriff was commanded to collect with inter-
est; that the sheriff made a levy on the plaintiff's personal property, which
still continues. The complaint then proceeds to claim a judgment to the
effect that the plaintiff's advances should be applied in extinguishment of
the judgment, and in the mean time obtained an injunction preventing the
sale of the property. The defendant demurred to the complaint upon several
grounds, one of which was that the plaintiff in his individual capacity could
not be joined with himself in his representative capacity; also upon the ground
that the plaintiff failed to state a cause of action. The demurrer was over-
ruled, and interlocutory judgment entered for the plaintiff, and the motion to
dissolve the injunction was also denied.

The complaint alleges with sufficient certainty the payment of the moneys
therein stated, and obviously meant that she had received more than enough
out of the estate to pay her decree, and that it should be adjudged satisfied.
The complaint alleges that some of the moneys were advanced to the plain-
tiff before the decree in the surrogate's court, and some afterwards. The
matters alleged in the complaint could not be tried in the surrogate's court
so as to secure the moneys to be set off against the defendant's claim. *In
re Livingston*, 27 Hun, 607; *Stilwell* v. *Carpenter*, 59 N. Y. 414. In such
cases the party having an equitable set-off can come into this court for relief.
*Railroad Co.* v. *Haws*, 56 N. Y. 175; Pom. Eq. Jur. § 136.

The objection that the administrator was improperly joined with himself
as an individual is not well taken. The decree was against him as adminis-
trator, but the docketing and levying reached his individual property. It was
necessary, therefore, that he should be plaintiff in both capacities to obtain
full relief. The criticism in the exhaustive brief of the learned counsel for
the appellant, that the complaint is insufficient in omitting formal allegations,.
is answered by *Marie* v. *Garrison*, 83 N. Y. 14; *Lorillard* v. *Clyde*, 86 N.
Y. 384.

The allegations in the complaint show that the plaintiff had advanced at
various times to the defendant more than enough money belonging to the es-
tate of the deceased to equitably extinguish her claim and judgment. If it
failed in any way to state any of the facts with sufficient fullness or certainty,
the remedy was by motion, not demurrer. The judgment must be affirmed,
also the order denying the defendant's motion to dissolve the injunction. The
continuance of the injunction necessarily depends upon the merits of the other
branch of the case. All concur.