### NEILSON v. RAY.

*(Common Pleas of New York City and County, General Term.* February 1, 1892.)

LIABILITY OF PARENT FOR MEDICAL SERVICES—EVIDENCE.

In an action against a parent for medical services rendered his daughters, it appeared that both of the daughters had spoken of defendant as "papa" to a music teacher, who sent him bills for their tuition, which were paid; that the services rendered were necessary; were rendered to the daughters while at a boarding school; and that defendant had paid a prior bill of plaintiff for like services to them through the treasurer of the school. *Held* sufficient to show that the persons treated were defendant's daughters, and that the services in question were impliedly authorized by him.

Appeal from third district court.

Action by John F. Neilson against Charles E. Ray. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Howard A. Sperry,* for appellant. *G. A. C. Barnett,* for respondent.

BOOKSTAVER, J. This action was brought by the respondent, as assignee of Dr. James R. Wood, to recover the sum of $77 for medical services rendered by the assignor to the daughters of the appellant. The latter was personally served with the summons, appeared in the action, and interposed a general denial. This imposed on the plaintiff in that action the duty of showing by evidence that the persons treated were the daughters of the defendant; that the services rendered were necessary, and some assent or authority by or from him, *(Poock v. Miller,* 1 Hilt. 108;) or that there was an absolute necessity for the immediate rendition of the services, where the law raises an implied promise to pay in consideration of the benefit conferred on the parent by such services, although rendered without the parent's actual request. On the trial defendant's counsel apparently relied upon the plaintiff's inability to prove that the persons treated were defendant's daughters, and were treated by his assent or authority. We think the evidence sufficiently establishes the fact that they were his daughters. A witness was produced who testified that she had given music lessons to one of them at their home in Harlem; that she had then heard both of them speak of the defendant as "papa;" had sent him bills for her tuition; had received letters from him inclosing checks in payment,—thus showing he had, at least, assumed the parental relation to them which carries with it the moral duty of caring for their health. It was testified that they needed medical attention at the time the services were rendered for throat difficulties and colds. They were then not at home, but at school at the Convent of the Sacred Heart, where they had been the previous year, and where the doctor had attended one of them, for which attendance he had been paid by defendant through the treasurer of the convent. The services having been rendered on the same request, and under the same circumstances, as those to recover for which this action is brought, we think sufficiently established an implied authority to engage the services. The justice has found in plaintiff's favor, and his finding cannot be disturbed. *Henry v. Betts,* 1 Hilt. 156. In *Baker v. Keen,* 2 Starkie, 501, less evidence was considered sufficient to warrant a jury in finding

such implied authority existed; for it was held that evidence showing the father had placed a son at a military college, and paid his expenses there, was sufficient to warrant the presumption of authority from the father to order regimentals and other articles for his equipment. We think the plaintiff made out a *prima facie* case, at least, and, if the defendant had a valid explanation to offer, or evidence to rebut the presumption of authority, he should have produced it. The judgment should be affirmed, with costs.