WILLIAM A. CHRIGSTROM, as Trustee, etc., Respondent, v. GEORGE McGREGOR, Appellant.

*A school district is a quasi corporation — action for a school tax — a union free school is a corporation proper — when a collector is not excused for a failure to sell property for a tax.*

A school district is a *quasi* corporation with special powers conferred by statute, not generally possessed by such corporations  It can exercise no powers beyond those conferred by statute or which by necessary inference arise therefrom.

Where a person resides in a school district and has sufficient personal property therein to satisfy a school district tax assessed against him, there is no statutory provision which will sustain an action against him to collect such tax upon his refusal or neglect to pay the same.

Section 86 of chapter 555 of the Laws of 1864, as amended, authorizes an action to collect a tax against a non-resident of a school district, or in case the property assessed be the real estate of a corporation and no goods or chattels can be found whereon to levy the tax ; but impliedly forbids an action brought to collect a tax against a resident of the school district, having sufficient personal property therein to satisfy a school district tax assessed against him.

Section 1926 of the Code of Civil Procedure does not create new causes of action, but confers upon a trustee the right to maintain in his own name an action upon existing causes of action in favor of the body represented by him, or of his predecessor, or on a contract made by him.

A union free school, being a corporation proper, can maintain an action upon any liability, express or implied, under the general powers conferred on corporations.

The fact that a person forbade the sale of his property, which had been levied upon by a collector of taxes for the purpose of realizing enough to pay the tax assessed against such person for school purposes, is not a sufficient excuse for the collector's neglecting to perform his duty in selling such property and collecting such tax.

APPEAL by the defendant, George McGregor, from a judgment of the County Court of Clinton county in favor of the plaintiff, entered in the office of the clerk of the county of Clinton on the 24th day of August, 1892, affirming the judgment of a justice of the peace of the town of Mooers, Clinton county, N. Y.

*R. Corbin,* for the appellant.

*H. S. Haff,* for the respondent.

PUTNAM, J. :

This is an appeal from a judgment of the County Court of Clinton county affirming a judgment of a Justice's Court in favor of plaintiff. The action was brought to recover a school district tax assessed against the defendant which he neglected and refused to pay. It is not denied that defendant was a resident of the school district and that he had sufficient personal property in his possession therein out of which the tax could have been collected. The collector levied on sufficient property and advertised the same for sale. The defendant forbade the sale, and there being no bidders, the collector returned the warrant uncollected.

Section 86, chapter 555, Laws of 1864, as amended, provides as follows : " Section 86. If the sum or sums of money payable by any person named in such tax list, shall not be paid by him, or collected by such warrant within the time therein limited, it shall and may be lawful for the trustees to renew such warrant in respect to such delinquent person ; or in case such person shall not reside within their district at the time of making out a tax list, or shall not reside therein at the expiration of such warrant, or in case the property assessed be real estate belonging in an incorporated company, and no goods or chattels can be found whereon to levy the tax, the trustees may sue for and recover the same in their name of office."

In a note contained in the Code of Public Instruction, prepared under the supervision of State Superintendent Draper in 1887, it is said : " The latter clause of the above section, giving the trustees the right to sue, is confined to those persons who do not *reside* within the district at the time of making out the list, or who shall have ceased to reside therein at the expiration of the warrant, or to corporations having real property upon the tax list." (Code of Public Instruction, page 366, note.)

It will not be claimed that the above-quoted section of the statute authorizes this action.

A school district is a *quasi* corporation, with some powers conferred by statute not generally possessed by such corporations. (2 Kent's Comm. 278.) Such a corporation can exercise no powers beyond those conferred by statute, or which by necessary inference arise therefrom. (21 Am. & Eng. Ency. of Law, 800.)

Here the defendant lived in the district, and concededly had suffi-

cient goods and chattels therein to satisfy the tax. There is no statutory provision to sustain an action to collect a tax under such circumstances. On the contrary, section 86, chapter 555, Laws of 1864, as amended, above quoted, impliedly prohibits such an action. It authorizes an action to collect a tax against a non-resident of the district, or in case the property assessed be real estate of a corporation and no goods or chattels can be found whereon to levy the tax, and thus impliedly forbids an action. This seems to be the proper construction of the statute. *Expressio unius exclusio alterius.* ( *Wait* v. *Wait,* 4 Comst. 100, 101 ; *Matter of Washburn,* 4 Johns. Ch. 113, 114.)

We do not think that section 1926 of the Code of Civil Procedure confers upon plaintiff a right to maintain this action. The effect of that section was not to create new causes of action, but to confer upon the trustee a right to maintain, *in his own name,* an action upon existing causes of action, in favor of the body represented by him, or of his predecessor, or on contracts made by him. It was not intended to give the trustee power to maintain an action where no cause of action existed at the time of the enactment of said section. We think that no such cause of action as set out in the complaint herein then existed, because the statute did not authorize, but, on the contrary, impliedly prohibited the maintenance of such an action.

The case of *Torrey* v. *Willard* (28 N. Y. St. Repr. 641) is not a parallel one. That action was commenced by the trustees of a union free school. The board of education of a union free school is a corporation proper, and not a *quasi* corporation, like the trustees of the ordinary school district. The distinction between the two corporations is pointed out in *Bassett* v. *Fish* (75 N. Y. 303–311). The statutory provisions as to the two kinds of corporations are not the same. And, hence, the case cited is not an authority here. A union free school, being a corporation proper, can maintain an action upon any liability, express or implied, under the general powers conferred on corporations. The plaintiff, however, represents a *quasi* corporation, and can only maintain an action which is expressly authorized by statute. No cause of action exists in his favor unless expressly authorized.

Again, in the case cited it appears from the statement in the opinion that the collector was justified in returning the process, being unable to collect the amount from the defendant. In this case it appeared that defendant had ample property from which the collector could have collected the tax, and, hence, he was not justified in returning the warrant uncollected. He had an actual levy on the property. We do not regard the fact that defendant forbade the sale as an excuse for the collector's neglecting to perform his duty.

In *Torrey* v. *Willard* (*supra*) it was held that, although there was no authority for the action, a common-law action could be maintained on the ground that there being an obligation to pay the tax, the law implied a promise to pay it. In this case we could hardly hold that a common-law action could be maintained in the face of the statute, which, as we have seen, impliedly prohibits such an action.

Without considering the other questions raised by the parties, we think the judgment of the court below should be reversed, with costs in this court and in the County Court.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment reversed, with costs in this court and in the County Court.