THE CITY OF ITHACA, Appellant, *v.* FRANK C. CORNELL, Respondent.

*Demurrer — motion to make a complaint more definite — complaint to enforce a personal liability for an assessment — chapter 212 of 1888.*

A demurrer admits all the allegations of a complaint, and a defendant who desires to have a complaint state more fully the details of a cause of action, should seek his remedy by motion.

The complaint in an action brought to recover the amount of a tax assessed against a person by a municipal corporation, alleged that the common council, on a specified date, duly assessed the defendant for a specified sum; that a notice of the assessment was given to him; and that such tax thereafter was duly confirmed, all as provided for by the charter of the said city; that such tax had not been paid within twenty days after its confirmation; that on a specified date, pursuant to a resolution, the said common council issued a warrant to the collector of taxes, directing him to collect the same; that such warrant was duly delivered to such tax collector; that more than three months had passed since the date of such warrant; that said tax remained wholly unpaid, and that there was due from the defendant such specified sum with interest.

*Held,* that, within the somewhat liberal rule now existing as to pleadings, such complaint stated facts sufficient to constitute a cause of action.

It seems that under the provisions of the charter of the city of Ithaca, chapter 212 of the Laws of 1888, both classes of assessments therein provided for are under the supervision and control of the common council of such city, and that as to both classes there is a personal liability created by statute against the several persons assessed thereunder.

APPEAL by the plaintiff, The City of Ithaca, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Tompkins on the 10th day of January, 1893, after the decision of the court, rendered at the Tioga County Special Term, sustaining a demurrer to the complaint.

*M. N. Tompkins,* for the appellant.

*Mynderse Van Cleef,* for the respondent.

HARDIN, P. J. :

Chapter 212 of the Laws of 1888 is the act to incorporate the city of Ithaca, and in title 4 and section 4 is a provision that the assessors shall return to the common council and file with the clerk a tax roll and assessment of each tax directed to be levied upon the taxable inhabitants and property of said city ; and in title 5, section 1, power is given to the common council to raise not exceeding $30,000, " by general tax from the taxable inhabitants of said city, on the property therein liable to taxation ; " and in section 2 power is given to raise a further sum to pay interest on bonds ; and in section 3 it is provided as follows : " The tax so directed to be raised shall be assessed upon all the taxable real and personal property in the city, except as stated in section two, according to the valuation of the same in the assessment roll of the current year, filed by the assessor or assessors, after said roll shall be corrected ; " and in section 4 it is provided : " The tax roll, when perfected, shall be delivered by the mayor or common council to the collector, with a warrant   *   *   *   commanding him to receive, levy and collect the sums in the roll specified as assessed against the persons or property therein mentioned or described.   *   *   * " Section 5 provides as follows : " All taxes and assessments that shall remain unpaid for three months after the date of the warrant authorizing the collection thereof shall bear interest at twelve per centum per annum

from the date of the warrant, and such tax and interest may be sued for and recovered by the city against any person liable therefor." In section 9 of title 6 is found a provision authorizing the common council to make assessments for certain improvements, and the common council by that section is given power to collect such assessment, and it is expressly provided that " all the provisions of sections five, six, seven and eight, title five, of this act, shall be in force and apply, so far as the same may be applicable, to all proceedings for the collection of unpaid taxes, and the right and duties of all persons concerned shall be same as provided in said sections." It seems that both classes of assessments are under the supervision and control of the common council, and that, as to both classes, there is a personal liability created by statute against the several persons so assessed.

In *Torrey* v. *Willard* (55 Hun, 78) it was held that an action would lie against a party assessed to pay, and it was said: " The obligation of the citizen to pay is inferred from the authority to levy the tax," and in the course of the opinion delivered by MACOMBER, J., he said : " Whenever there is a legal obligation resting upon a party to pay, this form of action is available at common law.   *   *   *   The obligation of the citizen to pay is inferred from the authority to levy the tax. (*Litchfield* v. *McComber*, 42 Barb. 288.)" In the complaint it is alleged that the common council on the 15th of July, 1889, " duly assessed " the defendant for the sum of $322. It is also alleged that a notice of the same was given to him, and that the tax was thereafter " duly confirmed by said common council at a meeting of the common council held at their chamber on the 5th day of August, 1891. All as provided by the charter of the city of Ithaca." And it is further alleged that the tax assessed against the defendant was not paid to the treasurer of the city within twenty days after its confirmation, and that on the 2d of September, 1891, pursuant to a resolution, the common council issued a warrant to the collector of taxes directing him to collect the tax aforesaid of the defendant, and that the tax warrant was dated on the 2d of September, 1891, and was duly delivered by the plaintiff to the tax collector. It was also alleged " that more than three months have passed since the date of said warrant for the collection of said taxes, and said tax remains wholly unpaid, and there is due from the defendant the sum of three hundred and twenty-two

dollars ($322), with interest thereon at 12% per annum since the 2d day of September, 1891, as provided by section 5 of title 5 of the charter of the city of Ithaca." By the demurrer all the allegations of the complaint are admitted; and reading those allegations, accepting all the facts as stated in the complaint as true, and applying the provisions of the plaintiff's charter to the facts, a cause of action is established against the defendant. And we are of the opinion that the complaint states facts sufficient to constitute a cause of action, and within a somewhat liberalized rule now existing as to pleading we think it should be held sufficient. (*Rochester Railway Co.* v. *Robinson*, 133 N. Y. 242; *McCorkle* v. *Herrman*, 22 N. Y. St. Repr. 520; *Thayer* v. *Gile*, 42 Hun, 268; Code Civ. Proc. § 532; *L. S. & M. S. R. R. Co.* v. *City of Dunkirk*, 20 N. Y. Supp. 599; *Brownell* v. *Town of Greenwich*, 114 N. Y. 518.)

If the defendant desires to have the complaint more definite and state more fully the details of the cause of action, he should seek his remedy by a motion. (*Laney* v. *Laney*, 33 N. Y. St. Repr. 673; *Marie* v. *Garrison*, 83 N. Y. 14.)

The foregoing views lead to the conclusion that the demurrer to the complaint was improperly sustained.

MARTIN and MERWIN, JJ., concurred.

Interlocutory judgment reversed, with costs, and demurrer overruled, with costs, with leave to the defendant to answer upon payment of costs of the demurrer and of the appeal within twenty days.