(8 Misc. Rep. 646.)

### MANNING v. WELLS.

(Supreme Court, Special Term, Broome County.    May, 1894.)

PARENT AND CHILD—LIABILITY OF PARENT FOR NECESSARIES—PLEADING.

In an action against a father for necessaries furnished to his infant son, the complaint is sufficient where it alleges that at a certain time defendant's infant son was destitute, and without physical ability to provide himself with the necessaries of life; that defendant had refused to furnish said necessaries, and had driven his son from home; that the son, while in such destitute condition, applied to plaintiff; that notice was thereupon given to defendant of his son's condition and his application for help; that plaintiff furnished him with board, lodging, and clothing; that what was so furnished was necessary, and of the value alleged; and that plaintiff demanded payment of defendant, and that plaintiff's claim remains unpaid.

Action by Henry L. Manning against Cornelius L. Wells. Defendant demurs to the complaint. Overruled.

Millard & Stewart, for plaintiff.

John Z. Lott, for defendant.

FORBES, J. The defendant in this action demurs to the complaint, and states, as the ground thereof, "that it appears upon the face of said complaint that the said complaint does not state facts sufficient to constitute a cause of action." The test in this case is: Is the complaint sufficient to warrant a recovery against the defendant upon the facts stated therein? Or, in other words, does the complaint state a cause of action? Milliken v. Telegraph Co., 110 N. Y. 403, 18 N. E. 251. A demurrer admits only such relevant facts as are well pleaded. It does not admit a legal conclusion. Masterson v. Townshend, 123 N. Y. 458, 25 N. E. 928. "The general rule, in determining the sufficiency of a pleading demurred to, is that it must be assumed that the facts stated therein, as well as such as may, by reasonable and fair intendment, be implied from the allegations made, are true." Steamship Co. v. Bennett, 73 Hun, 81, 25 N. Y. Supp. 1029; Rafolovitz v. Tobacco Co., 73 Hun, 87, 25 N. Y. Supp. 1036; Kain v. Larkin, 141 N. Y. 144, 36 N. E. 9. An inartistic pleading is not one to which a demurrer can be interposed. The remedy to make such a pleading more explicit is by motion. City of Ithaca v. Cornell, 75 Hun, 425, 27 N. Y. Supp. 682; Pettibone v. Moore, 75 Hun, 461, 27 N. Y. Supp. 455. Applying these tests to the complaint under consideration, does the complaint state a cause of action in any form? It is admitted that L. B. Wells is the infant son of Cornelius L. Wells, the defendant in this action; that in the month of June, 1893, he was in a destitute condition, and without the physical ability for providing himself with the necessaries of life; that the defendant refused to furnish his said son with necessaries, had driven him from home, repudiated, abandoned him, and refused

longer to provide for him; that the infant made application to plain-
tiff for care, etc., while in that destitute condition, and while unable
to support himself, and that notice was thereupon given to the de-
fendant of the son's condition, and his application for help; the
plaintiff thereupon furnished him with board, lodging, clothing, and
care while he was thus ill, and with money to secure his return
to the defendant's house; that what was so furnished was necessary,
and of the value of the sum claimed in the complaint; that prior to
the commencement of this action the plaintiff demanded of the de-
fendant payment for the necessaries thus furnished to the defend-
ant's infant son; that the same remains unpaid. And a judgment
is demanded against the defendant for the money so expended. The
defendant's counsel relies principally upon the case of Raymond v.
Loyl, 10 Barb. 483, in which it is asserted that:

"There is no legal obligation on a parent to maintain his child, independent
of the statutes. Hence, a third person, who supplies an infant with necessa-
ries, cannot maintain an action against the parent therefor, unless the latter
has expressly or impliedly contracted to pay the amount."

There are two grounds upon which it is contended by the plaintiff
in this action that the cause of action can be sustained: First.
Upon the ground of an implied contract, arising out of the natural
relations of the father and son to each other, to support and main-
tain the infant when he is sick and in a destitute condition, inde-
pendently of the common-law rule. Secondly. An express consent
on the part of the father, with full knowledge of the situation and
the condition of the infant, that the plaintiff should furnish him
with such necessaries, upon notice thereof to the defendant, and that
no objection having been raised by the father upon that undertak-
ing by the plaintiff works a ratification of the assumed agency of the
infant to contract for necessaries in behalf of the father.

1. "The duty of parents to provide for the maintenance of their
children is a principle of natural law. The obligation continues
until the child is in a condition to provide for himself, and it extends
only to a necessary support." 17 Am. & Eng. Enc. Law, 348; Porter
v. Powell, 79 Iowa, 151, 44 N. W. 295. In this last-mentioned case
it is held that the implied promise may be inferred on the ground
of the legal duty imposed, the same case also holding that it is a legal
as well as a moral duty of the parent to furnish necessary support.
This case is reported in 7 L. R. A. 176, with an extensive note on the
subject referring to many cases in this and other states of the
Union. The same doctrine is asserted in the case of Chilcott v.
Trimble, 13 Barb. 504, where it is held:

"When a parent is willing to support his infant child, * * * no agree-
ment of the father to pay for such support can be implied. The moral obli-
gation of a parent to support his child imposes on him no liability to pay for
its support * * * without his request. The law of nature, which re-
quires the parent to support his infant offspring, designates his own house
as the place where that duty shall be performed. An implied promise does
not differ from an express promise, except in the evidence by which it is
proved."

In the case of Certwell v. Hoyt, 6 Hun, 579 (a case decided in our
department), Gilbert, J., writing the opinion, said:

"The duty of the father to maintain the child, however, is, and always has been, recognized in some way, and in some degree, in all civilized countries. The infant cannot support herself. Others must supply her with the means of subsistence, and the only question has ever been whether the state shall do this or her parent. No doubt, it is the duty of the parent to do it, but the duty is not made a legal obligation by the common law. The cases not founded upon the statute, in which the duty has been enforced, rest upon the ground of agency."

Several cases are cited, including 10 Barb., supra, holding that doctrine.

In the case of Crane v. Baudouine, 55 N. Y. 259, Folger, J., writing the opinion of the court, approves the case of Van Valkenburgh v. Watson, 13 Johns. 480, in which it is held, "A parent is bound to provide his infant children with necessaries, and if he neglect to do so a third person may supply them, and charge the parent with the amount," and says:

"And were she a daughter, whom, by reason of her minority, and dependence upon him, the defendant was under a moral obligation to provide necessaries, this fact would be strong, with others to be mentioned, to sustain an implication of a promise."

In the case of Beardsley v. Hotchkiss, 96 N. Y. 220, Earl, J., writing the opinion, quotes from Schouler on Domestic Relations (page 322) as follows: "As a general rule the father must, if he can, maintain his infant children, whatever their circumstances may be, and no allowance will be made him for that purpose,"—and then holds:

"When a father is of sufficient ability to support his minor child, the circumstances would have to be very peculiar which would authorize or require the court to make an allowance. This principle is clearly established both in England and America."

This was a case in which an allowance was asked for out of the infant's estate. At page 219 in the same case, Folger, J., says:

"A father is under a natural obligation to support his minor children, and generally, if of sufficient ability, he is obliged to, without reference to their pecuniary circumstances."

In the case of Clinton v. Rowland, 24 Barb. 634, Balcom, J., said:

"A father is not liable for articles of clothing furnished to his minor child without his consent, in the absence of any proof that he had neglected to supply such child with clothing necessary and proper for his condition in life;" approving of the case of Van Valkenburgh v. Watson, 13 Johns. 480.

In the case of Smith v. Church, 5 Hun, 109, in our own department, the general term again holds:

"One who seeks to make a parent liable for purchases of a child must show a failure on the part of the parent to discharge the obligation to provide necessaries for the infant, and that the goods supplied were in fact necessaries;" citing the case of Clinton v. Rowland, 24 Barb. 634, approving the doctrine there held.

The same doctrine is held in Reeve, Dom. Rel. (4th Ed.) 351, in the following language:

"This duty is founded on the law of nature. Whoever has been the instrument of giving life to a being incapable of supporting itself is bound by the law of morality to support such being during such incapacity."

In the case of People v. Strickland, 13 Abb. N. C. 473, it was held:

"The fact that the child has voluntarily left its home does not absolve the father from his obligation to support and maintain it, nor relieve him from liability, under Code Cr. Proc. § 899, for a failure to do so."

In the case of Parker v. Tillinghast, 19 Abb. N. C. 190, it was held:

"Where a parent sends his boy away from home to attend school in a distant place, and fails to supply him with clothing suitable to the climate, and required by the boy's growth, he is liable to a person furnishing such necessaries to the boy upon the parent's credit."

This case also holds:

"Where the standard of parental duty is a shifting one, depending upon circumstances and on inferences about which intelligent persons may honestly differ, the question of necessity should be left to the jury."

In the case at bar there is nothing in the pleading to show that there was an emancipation of the child intended. The child was driven away from home, and abandoned. The contractual relations of emancipation do not come within the cases of Johnson v. Gibson, 4 E. D. Smith, 231; Kain v. Larkin, 131 N. Y. 300, 30 N. E. 105. Under section 899 of the Code of Criminal Procedure, if the circumstances of the abandonment of the child are sufficient to warrant it, a criminal prosecution can be had. People v. Strickland, 13 Abb. N. C. 473. Wherever a statute has been violated,—a wrong done,—a civil action may be had for the injury which is sustained. Thomas v. Smith, 75 Hun, 573, 27 N. Y. Supp. 589.

2. In the case at bar the pleading not only shows the destitute and helpless condition of the minor, but also shows the fact that the father was notified of this condition; that the plaintiff had been applied to to furnish the necessaries required. And there is nothing in the complaint that shows that any objection was raised by the defendant to the plaintiff's furnishing the necessaries sought to be obtained, but the inference to be drawn is that the contract for furnishing the necessaries by the plaintiff, upon the application of the infant, was assented to by the defendant. The action can, therefore, be sustained, under the authorities cited, not only upon the implied promise to pay, but also upon the theory of an expressed promise,—the infant acting as the agent of the parent in contracting for necessaries,—and that, upon notice to the defendant of that application to contract by the infant, the defendant ratified the contract to furnish such necessaries as the circumstances of the case required. Certwell v. Hoyt, 6 Hun, 579.

If I am right in the conclusions arrived at, the demurrer must be overruled, and an interlocutory judgment entered thereon, under the rules and practice of this court. This conclusion is reached independently of the statutory obligation compelling the parent to support the child, and the child to support the parent, under certain well-defined circumstances. Demurrer overruled.