## LINES v. SHEPARD.

*(Common Pleas of New York City and County, General Term.  January 5, 1891.)*

REVIEW ON APPEAL—QUESTIONS OF LAW AND FACT.

> Defendant was a saloon-keeper.  A stock-brokerage business was carried on in the saloon by one K., with whom plaintiff had transactions, in the first of which it was conceded that K. acted as agent for defendant.  In an action by plaintiff against defendant for moneys due on such transactions, the latter and K. testified to an arrangement between them that K. should carry on the business on his own account, and to changes in signs, etc., made before plaintiff's later transactions. There was evidence tending to show that such changes were but a cover, and not made in good faith.  *Held,* that the question, whether such changes were made as to put plaintiff upon inquiry, was a mixed question of law and fact, and the determination of the trial justice in favor of plaintiff would not be disturbed.

Appeal from tenth district court; ROGERS, J.

Action by Andrew E. Lines against Charles D. Shepard.  Defendant appeals from a judgment for plaintiff.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Walter K. Griffin,* for appellant.  *John M. Tierney,* for respondent.

BOOKSTAVER, J.  The complaint was for money received, and the answer was a general denial.  The claim arose out of certain stock transactions which took place on the defendant's premises, known as the "White Elephant," and the question to be determined was whether these transactions were with one William D. Klausman as principal, or with him as the agent of the defendant, and was one of fact to be determined by the evidence. Without stating this evidence in detail, we deem it sufficient to say that an examination of the testimony, aided by the painstaking and careful brief of defendant's counsel, fails to convince us that there is any such preponderance of evidence in defendant's favor as would warrant us in reversing the judgment on that account, while the evidence on plaintiff's behalf, if believed by the justice, is quite sufficient to sustain the judgment, and we see no such inherent weakness or improbability in it as would lead us to discard it as untruthful or disingenuous.  From the testimony, it appears that the defendant is sole proprietor of the "White Elephant," situated on Broadway between 30th and 31st streets, which appears to be a drinking saloon, and a place of amusement, having connected with it a shooting gallery, bowling alley, billiards, restaurant, bar-room, etc.  There was also a stock-brokerage business carried on in a small way, and apparently entirely subsidiary to the drinking saloon, etc.  The defendant's testimony tends to show that in the beginning of that business there was associated with him one Dederich, who had some interest in the business, but, as it had been small, and but little profits had accrued therefrom, Dederich practically abandoned the business before the plaintiff had any dealings in connection therewith.  William D. Klausman seems to have been, in one person, the superintendent of the business, its book-keeper, clerk, telegraph operator, and office boy, all on a salary of $50 per month.  Confessedly, the first transaction on plaintiff's part was with Klausman, as agent, shortly before the 1st of May, 1890, but defendant's testimony tends to show that some arrangement was made between the defendant and Klausman by which the latter should carry on the business after that time on his own account.  The business was carried on in a small inclosure back of the bar-room, and in order to get to it, it was necessary to pass through that room.  On a glass partition near the street, and from 16 to 20 feet away from this inclosure, previous to the 1st of May there had been a sign, "C. D. Shepard & Co., Commission Brokers, Private Wires to Wall Street, Stocks, Bonds, and Petroleum."  About the 1st of May the name "C. D. Shepard & Co." was removed, and that of "Wm. D. Klausman" substituted.  Klausman testified that he told the plaintiff of the new arrange-

ment, and that he was thereafter to carry on that business, but this is denied by the plaintiff who also testifies that while he noticed a change in the sign he did not connect it with any change in the business, and knew of no such change. To° meet this the defendant introduced certain alleged copies of bought and sold memoranda, signed by Klausman, without any other signature. This change plaintiff also alleges he did not observe, and there is considerable doubt whether the papers produced upon the trial were exact copies of the memoranda originally given. While it is true, as claimed by the learned counsel for the defendant, that it is not necessary, in order to charge a customer with notice of the retirement of a former proprietor with whom he has been accustomed to deal, that a notice of a change of proprietorship should be positive and explicit, and that it is enough if such change is made as to put such customer upon inquiry, (*Holt* v. *Allenbrand*, 4 N. Y. Supp. 922; *Lovejoy* v. *Spofford*, 93 U. S. 430; *Claflin* v. *Lenheim*, 66 N. Y. 306,) yet whether such changes have been made as to properly put the customer upon inquiry is always a mixed question of fact and law to be determined by the justice, and in this case we cannot say from the evidence that he did not properly determine it. From the evidence we think he might well have found that the various changes made were but a cover, and not made in good faith, for Klausman was a man of little or no responsibility. He paid nothing for the business, and no arrangement was made with the defendant about the rent. He used defendant's tickers, and the blackboard on which the quotations of certain stocks were made, just as they had been before, and neither paid nor agreed to pay the defendant anything for them. We therefore think the judgment was proper, and should be affirmed with costs.