(19 Misc. Rep. 149.)

### HARTJEN v. RUEBSAMEN.

(Supreme Court, Appellate Term, First Department. January 28, 1897.)

HUSBAND AND WIFE—AGENCY OF WIFE.

The purchase of goods by a woman on her husband's credit, though she was not living with him, is ratified where, before the purchase, he paid the seller for goods ordered by his wife before the separation, but did not give notice that she had no authority to make further purchases on his credit.

Appeal from Eleventh district court.

Action by John Hartjen against Robert Ruebsamen for the price of goods sold. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Frederick J. Fischer, for appellant.

Elek J. Ludvigh, for respondent.

BISCHOFF, J. This action was brought to recover the amount of a bill rendered to the defendant by the plaintiff, for clothing furnished to the former's wife by the latter; and the propriety of the recovery by the plaintiff in the court below is challenged, principally, upon the ground that there was no agency in the defendant's wife to bind him, he and his wife having separated prior to the date when this clothing was furnished, because, apparently, of the wife's unjustifiable refusal to live with the husband. If based merely upon the husband's duty to provide his wife with necessaries, and the consequent right of a third person, furnishing such necessaries because of need arising from the husband's failure of that duty, to charge him for the goods furnished, the recovery in this case could not be upheld, since the evidence shows that the plaintiff was quite prepared to support his wife, and would have done so but for her wrongful refusal to live with him (Catlin v. Martin, 69 N. Y. 393; Blowers v. Sturtevant, 4 Denio, 46); but we find in the record evidence, not contrary to the preponderance, upon which the defendant's liability was properly based, the matter depending upon the inference of agency in the wife, sufficient to have justified the plaintiff in furnishing these goods, the value of which is admitted, upon the defendant's credit. This clothing was furnished in the latter part of the year 1895, and it is shown that in the year 1893 the plaintiff had filled the order of the defendant's wife for similar goods, this being before her separation from the defendant. The bill for the clothing thus furnished was rendered the defendant in June, 1895, his wife having at that time resided apart from him for more than a year; and this bill he paid without dispute, and

without notice to the plaintiff that his wife was not still authorized to charge him, according to the finding of the justice upon satisfactory, although conflicting, evidence. We have therefore a case of actual agency in the wife, inferred from the ratification of her act performed at a time when she had, at least, colorable authority in the premises, because a wife living with her husband. The act was performed in 1893, and the ratification took place in June, 1895, a few months before the goods in suit were furnished, through the plaintiff's reliance upon the continuance of the agency; and we must hold that, under the circumstances of the case, a situation controlled by the rules generally applicable to the relation of principal and agent was presented.

The agency having been established, it was properly presumed by the plaintiff to continue, in the absence of notice to the contrary (Claflin v. Lenheim, 66 N. Y. 301); and since the plaintiff's reliance upon the defendant's credit was justified, because of an actual, apparent agency, the fact that husband and wife were not living together at the time when the credit was extended becomes immaterial. The presumption of agency arising from the relation of husband and wife is rebutted by the fact of separation (Bloomingdale v. Brinckerhoff, 2 Misc. Rep. 49, 20 N. Y. Supp. 858); and, where thus rebutted, a claim against the husband, based solely upon the presumption, must needs fail. The plaintiff's claim, however, does not depend for support upon an implied agency founded upon the fact that domestic relations were maintained, but upon an express agency, inferred from circumstances, which was not affected by the separation of the husband and wife, in the absence of notice that the separation imported a revocation of the agency. That the clothing furnished in this instance was reasonably within the authority of the defendant's wife to order cannot be questioned, in view of its comparatively small quantity, and of its character. It was of the same general nature as the clothing habitually worn by defendant's wife, and had no substantial difference from the clothing for which he had paid shortly before. Neither in quality nor quantity did the purchase come without the scope of such agency as, it was to be inferred, existed in Mrs. Ruebsamen, and there was ample evidence that the credit was given, not to her, but to her husband. The record disclosed no prejudice to the appellant, and the judgment is to be affirmed.

Judgment affirmed, with costs. All concur.