Anonymous.

(Supreme Court, Appellate Term, November, 1897.)

1. Husband and wife — A separation alone does not revoke the wife's express authority to charge her husband for necessaries — Notice to dealer.

The right of a wife to charge her husband with the payment of necessaries is not revoked by their separation, in the absence of notice thereof to merchants with whom the wife had, upon her husband's authority, previously dealt under an account opened in his name.

2. Evidence — Books of original entry.

A ledger, kept by the bookkeeper of merchants, with entries made, in the usual course of business, from charge checks, is a book of original entry.

Appeal by the defendant from a judgment of the justice of the Sixth District Court in favor of the plaintiffs for $176.57, besides costs.

James W. Hawes, for appellant.

Eugene G. Kremer, for respondents.

Daly, P. J.   The plaintiffs have recovered a judgment against the defendant for goods sold to his wife, between February 18th, and May 28th, 1897, amounting to $176.57.   The goods consisted of wearing apparel and toilet articles; and $171.83 of the amount was purchased in the period from May 17th to 28th, inclusive.   The defendant had separated from his wife on May 1st, and he claimed that at that time she was amply provided with wearing apparel and had over a thousand dollars in two banks; and that the goods were furnished upon the credit of his wife.   On the part of the plaintiffs it was contended that the goods were sold upon a credit expressly authorized by the defendant and opened by his wife in 1895, and continued down to the sales in question without notice of termination of her agency, or of the separation of the parties; also that the goods were necessary for defendant's wife and suitable to her station in life; and that defendant had not

furnished his wife with any means to purchase necessaries after leaving her.

The fact of prior credit opened by defendant with the plaintiffs was fully established. Mrs. W—— testified directly to the authority given by her husband in 1895 to her to open an account with the plaintiffs, and she also testified to the payment of bills, rendered by plaintiffs to her, with his knowledge and with money furnished by him for the purpose. The plaintiffs' ledger was put in evidence, showing the account in defendant's name, and not in the name of his wife. It being thus established that the account had been opened before the parties separated, in the name of the defendant and with his express authority by his wife as his agent, and that no notice had been given of any revocation of such agency, the defendant is liable. Her express agency to charge her husband was not revoked by the separation in the absence of notice. Hartjen v. Ruebsamen, 19 Misc. Rep. 149. It is claimed that the court erred in admitting the plaintiffs' ledger in evidence containing the account as first opened in the name of the defendant. The book was objected to, but no ground of objection was stated, and the exception is, therefore, unavailing. Mabbett v. White, 12 N. Y. 442; Atkins v. Elwell, 45 id. 753. It was proved by the testimony of the manager of the plaintiffs' clerical department, by whom all credits were approved, that the entries were made by the bookkeeper from charge checks. The ledger, the entries in which are made from memoranda and office books, is a book of original entry. Taggart v. Fox, 11 Daly, 159.

Not only was the account in plaintiffs' ledger thus apparently made in the regular course of business, an account directly with defendant and tending to prove that the credit was given to him and not to his wife, but further evidence of the fact is found in the testimony of the plaintiffs' manager, who stated that he caused inquiry to be made as to defendant's responsibility. The fact that bills were rendered to the wife and not to the husband is not conclusive that the credit was given to her and not to him. That the wife sometimes paid bills so rendered with her own check, is not important, since the account was opened by his direction and in his name.

On the question as to whether these goods were necessary, the defendant's wife testified that before the separation she was accustomed to expend $900 a year for her clothing, and that the pur-

chases in question from plaintiffs were not excessive for the period; as she bought usually twice a year, in the spring and in the fall.

The testimony was sufficient that the articles were not better or more numerous than were suitable to her station, or than she had been accustomed to have. The findings of the justice upon all disputed questions in the case are not against the preponderance of evidence, and no error of law is shown, and the judgment should be affirmed. Judgment affirmed, with costs.

McADAM and BISCHOFF, JJ., concur.

Judgment affirmed, with costs.