tures of that company, and the facilities to travel thereby, were before the commissioners, and they examined the premises. The object of the evidence was to show that "common trackage" between the Midland and the Electric was the basis of the proposal, and that subject the commissioners had under consideration, and arrived at the conclusion that the public convenience would be better subserved by tracks on the surface than by an elevated track and station. The fact that common trackage was offered was before them, and entered into their consideration, and the details of the proposition were not essential. Neither were the commissioners impressed by the evidence that there was only a distance of 300 feet between the road of the petitioner and that of the Electric Road at a point on Arrietta street. The Midland Road had the right to prefer its own route to one designated by another, and possibly a competing, railroad company. Such nearness of access is not the question herein involved, nor can it influence the result. The purpose of the Midland Road was to make the approach to the ferry landing more convenient and accessible for its passengers, not to put itself and its advantages on a plane with those of a rival company. And we cannot lose sight of the fact that the objectors upon this motion consist solely of such rival companies, although property owners appeared before the commissioners, and were permitted to examine witnesses. The commissioners are well-known residents of Staten Island, carefully selected by this court with a view to their qualifications to judge the situation; and we may assume that they are quite as familiar with the requirements and desires of the inhabitants of the Island as the persons owning or controlling the Ferry Company and other railroads; and, even if our views did not agree with theirs, we would have great hesitation in differing from their conclusions. But, as we have already said, we have discovered nothing in the evidence taken before them to cause us to differ.

The report of the commissioners must be confirmed; reserving, however, to the parties interested, the right to contest the question whether the roadway is a public street or highway, or private property. All concur.

---

(21 Misc. Rep. 656.)

M. et al. v. W.

(Supreme Court, Appellate Term. November 24, 1897.)

1. HUSBAND AS AGENT—REVOCATION.
   The express agency of a wife to make purchases upon her husband's credit is not revoked by his separation from her, in the absence of a notice to those with whom she deals.

2. SAME—CREDIT GIVEN TO WIFE.
   Where an account is opened at a store by a wife, by the direction and in the name of her husband, the fact that bills are rendered to her, and not to him, is not conclusive that the credit was given to her, nor is the fact that she sometimes paid bills so rendered with her own check important.

3. OBJECTIONS TO EVIDENCE.
   Where a plaintiff introduces in evidence his own ledger to show that he charged certain goods to defendant. and not to defendant's wife, and defendant objects to it, but states no grounds, his exception is unavailing.

**4.** EVIDENCE—ACCOUNT BOOKS.

A ledger kept by plaintiff in his business may be admissible in evidence as a book of original entry, where it is proved by the manager of his clerical department, by whom all credits were approved, that its entries were made by the bookkeeper, in the regular course of business, from original memoranda and office books.

Appeal from Sixth district court.

Action by M. and others against W. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

DALY, P. J. The plaintiffs have recovered a judgment against the defendant for goods sold to his wife between February 18 and May 28, 1897, amounting to $176.57. The goods consisted of wearing apparel and toilet articles, and $171.83 of the amount was purchased in the period from May 17th to 28th inclusive. The defendant had separated from his wife on May 1st, and he claimed that . at that time she was amply provided with wearing apparel and had over $1,000 in two banks, and that the goods were furnished upon the credit of his wife. On the part of the plaintiffs it was contended that the goods were sold upon a credit expressly authorized by the defendant, and opened by his wife in 1895, and continued down to the sales in question, without notice of termination of her agency or of the separation of the parties; also that the goods were necessary for defendant's wife, and suitable to her station in life; and that defendant had not furnished his wife with any means to purchase necessaries after leaving her. The fact of prior credit opened by defendant with the plaintiffs was fully established. Mrs. W. testified directly to the authority given by her husband, in 1895, to her to open an account with the plaintiffs; and she also testified to the payment of bills, rendered by plaintiffs to her, with his knowledge and with money furnished by him for the purpose. The plaintiffs' ledger was put in evidence, showing the account in defendant's name, and not in the name of his wife. It being thus established that the account had been opened before the parties separated, in the name of the defendant and with his express authority, by his wife as his agent, and that no notice had been given of any revocation of such agency, the defendant is liable. Her express agency to charge her husband was not revoked by the separation in the absence of notice. Hartjen v. Ruebsamen, 19 Misc. Rep. 149, 43 N. Y. Supp. 466.

It is claimed that the court erred in admitting the plaintiffs' ledger in evidence containing the account as first opened in the name of the defendant. The book was objected to, but no ground of objection was stated, and the exception is therefore unavailing. Mabbett v. White, 12 N. Y. 442; Atkins v. Elwell, 45 N. Y. 753. It was proved by the testimony of the manager of the plaintiffs' clerical department, by whom all credits were approved, that the entries were made by the bookkeeper from charge checks. The ledger, the entries in which are made from memoranda and office books, is a book of original entry. Taggart v. Fox, 11 Daly, 159. Not only was the account in plaintiffs' ledger thus apparently made in the

regular course of business, an account directly with defendant, and tending to prove that the credit was given to him, and not to his wife; but further evidence of the fact is found in the testimony of the plaintiffs' manager, who stated that he caused inquiry to be made as to defendant's responsibility. The fact that bills were rendered to the wife, and not to the husband, is not conclusive that the credit was given to her, and not to him. That the wife sometimes paid bills so rendered with her own check is not important, since the account was opened by his direction and in his name.

On the question as to whether these goods were necessary, the defendant's wife testified that before the separation she was accustomed to expend $900 a year for her clothing, and that the purchases in question from plaintiffs were not excessive for the period, as she bought usually twice a year,—in the spring and in the fall. The testimony was sufficient that the articles were not better or more numerous than were suitable to her station or than she had been accustomed to have. The findings of the justice upon all disputed questions in the case are not against the preponderance of evidence, and no error of law is shown, and the judgment should be affirmed.

Judgment affirmed, with costs. All concur.

---

(22 App. Div. 400.)

### CRANDALL v. JACOB.

(Supreme Court, Appellate Division, Second Department. November 30, 1897.)

1. ARREST IN CIVIL ACTION—SUFFICIENCY OF COMPLAINT AND AFFIDAVIT.
   A complaint in an action for slander alleged positively that plaintiff was president, and one S. an employé, of a designated corporation, and that defendant, in the hearing of divers persons, and with intent to hurt, injure, and damage plaintiff in his good name, fame, character, and reputation, said that plaintiff cheated S.; and that plaintiff was so damaged. There was no allegation of special damage. Upon this complaint, and positive corroborating affidavits, plaintiff procured an order of arrest. On a motion to vacate the order, based solely on the papers on which it was granted, held, that the allegations sufficiently showed the uttering of the slanderous words to justify the order of arrest.

2. SAME—SUFFICIENCY OF COMPLAINT.
   Where the complaint, in an action for slander, sets forth one cause of action sufficient to support an order of arrest, the fact that it also states other causes of action, also based upon slanders, does not prevent the granting of the order.

3. SLANDER—PLEADING.
   Where a complaint alleges an intent to injure plaintiff in his business by statements that plaintiff, who was the president of a company, had cheated certain persons in his employ, it is sufficient on demurrer, though no special damage was alleged.

Appeal from special term.

Action by Eben V. Crandall against Julius Jacob. From an order denying a motion to vacate an order of arrest, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Wm. K. Hall, for appellant.
Herman Herst, Jr., for respondent.