undertaking required by section 2952, or that he claimed upon the trial that the title to real property was in question; but, even had he complied with all these prerequisites, the justice would not have been ousted of jurisdiction, as the provisions of the Code respecting the answer of title are confined to actions, and have no relation to summary proceedings. In re White, 12 Abb. N. C. 348; People v. Goldfogle, 23 Civ. Proc. R. 417, 30 N. Y. Supp. 296. As was said by Mr. Justice O'Brien in the last cited case:

"The question in summary proceedings is whether the relation of landlord and tenant exists. The question of title cannot arise, the one presented being as to the right to possession; and the decision simply determines who is entitled to the possession, and cannot in any way affect title to land."

For these reasons, to my mind, the final order appealed from should be affirmed, with costs. All concur.

---

### BOSTICK v. BROWER.

(Supreme Court, Appellate Term. February 28, 1898.)

1. HUSBAND—LIABILITY FOR WIFE'S SUPPORT.
    While, if a wife abandons her husband for good cause, and her condition is such that a recourse to his credit becomes necessary for her support, those who furnish her with necessary supplies on his account can compel him to pay therefor, yet, in seeking a recovery against him, they assume the burden of establishing that the conditions existed which would justify her in purchasing on his credit.

2. SAME—EVIDENCE.
    Where, in an action to recover from a husband for articles sold to his wife after she had left him, it did not appear that defendant knew of previous purchases made by her from the plaintiff, or that any bill therefor had ever been rendered to him, or that he ever personally paid any money on account of any such indebtedness, held, upon the evidence, that he could not be held liable on the theory that he had actually or apparently invested her with authority as his agent.

Appeal from Eighth district court.

Action by Kathryn M. Bostick against John L. Brower. Judgment for plaintiff. Defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

William M. Mullen, for appellant.
Julius Lehmann, for respondent.

BEEKMAN, P. J. The law is well settled that a wife is entitled to procure what is reasonably necessary for her support and maintenance on her husband's credit where he fails to make proper provision for her necessities, and this power continues although they may be living in a state of separation, provided such separation has not been caused by the wrongful act of the wife. This obligation thus resting upon him springs out of the marital relation, and is one of the duties which the law declares must be assumed by the husband, and from which he can in no way escape where the necessities of the wife call for its performance, and she has not forfeited her right by her mis-

conduct.    Although the wife is sometimes described as his agent for the purpose, such a characterization is apt to be misleading, as the power is not only in nowise dependent upon the authority of the husband, but in a proper case may be exercised against his consent, and in spite of his protest.    Hence it has been called "an agency of necessity" (Schouler, Dom. Rel. [5th Ed.] § 70), and the husband is said to be estopped from disputing it by reason of his misconduct in failing to perform his legal obligation.    Where, then, a wife abandons her husband for good cause, and her condition is such that a recourse to her husband's credit becomes necessary for her support, those who furnish her with necessary supplies on his account can compel him to pay therefor.    In seeking a recovery against him, however, they assume the burden of establishing the fact that the conditions existed which would justify the wife in so purchasing on the credit of her husband.    Id., § 69; Bloomingdale v. Brinckerhoff, 2 Misc. Rep. 49, 20 N. Y. Supp. 858; McCutchen v. McGahay, 11 Johns. 280; McGahay v. Williams, 12 Johns. 292; People v. Pettit, 74 N. Y. 320. In the case last cited the court says:

"The plaintiffs were bound at least to establish such a case as would entitle a third person to recover against the husband for necessaries furnished the wife. The rule in such cases is that during cohabitation the assent of the husband is presumed, but, if they are living apart, the burden is upon the person furnishing the necessaries to show that the circumstances are such as to render the husband liable."

In the case at bar the plaintiff furnished the defendant's wife with certain articles of attire some three months after she had abandoned him.    The evidence with respect to the grounds for the abandonment is of the most general character.    She says that she left the defendant, to use her own words, "on account of his utter indifference and neglect, which I could not stand any longer.    While my father or grandfather lived I was his pet.    At his death it was more than I could stand to have to live with Mr. Brower, who never paid any attention to me, and I simply left him on my own accord, because I could not stand it any longer.    I left of my own accord." There was no claim of any physical violence, threats, or specific misconduct of any kind.    It is quite plain that this was not sufficient to justify this wife in her abandonment.    As is said by Prof. Schouler:

"The wife should have weighty and sufficient cause for leaving her husband in order to be permitted on her part to pledge his credit abroad. In general, the same facts suffice as justify her divorce from bed and board." Schouler, Dom. Rel. (5th Ed.) § 66, p. 109; Blowers v. Sturtevant, 4 Denio, 46.

We are of the opinion that the plaintiff has failed to make out a cause of action against the defendant, founded upon the claim of a justifiable abandonment.

It is contended, however, that the plaintiff may still recover on the ground of an agency in fact, apparently vested in the wife by the previous conduct of the defendant, upon which the plaintiff was entitled to rely in the absence of knowledge of the separation.    It is, of course, true that, where the husband has constituted the wife his agent in the purchase of supplies, be the form of such sanction

what it may, the familiar rules of agency apply, and his liability then rests upon the determination of a mere question of fact, and is based upon grounds quite different from those which we have just considered. 9 Am. & Eng. Enc. Law, p. 832. Where his previous conduct has been such as to support the inference that his wife was entitled to purchase on his credit, he is deemed to have vested her with an appearance of authority in that regard, upon which an innocent third party, acting in good faith, and without knowledge of the separation of the parties, may rely in subsequently furnishing the wife with supplies. The facts before us, however, do not seem to bring this case within the rule laid down. While it appears that the defendant's wife had dealt with the plaintiff before she abandoned her husband, it does not appear that the defendant knew the fact, or that any bill for any articles so purchased had ever been rendered to him, or that he ever personally paid the plaintiff any money on account of any such indebtedness. On the contrary, the proof shows that whatever the wife obtained she paid for herself in bills, and the record is barren of any evidence showing any act on the part of the defendant on which an agency in fact can be predicated. That the defendant supplied his wife with money with which to provide for herself does appear, but nothing more. The case of Hartjen v. Ruebsamen, 19 Misc. Rep. 149, 43 N. Y. Supp. 466, is referred to by the counsel for the plaintiff. But in that case the court held that the defendant was liable because, after the separation, he personally paid to the plaintiff a bill which had been previously incurred by the wife, without advising the plaintiff that she no longer had any authority to incur any further liability on his account. It was held that an actual agency in the wife was to be inferred from the subsequent assent of the husband in paying the previous debt without objection or qualification; and that the plaintiff, having no knowledge or information of the change which had taken place in the relations of the parties, was entitled to assume the continuance of the authority with which the wife had been apparently vested by the husband. The case is quite different in its facts from the one now before us, and in no way conflicts with the conclusion to which we have come, that there was no actual authority or appearance of authority vested in the defendant's wife through any act of his, or for which he was responsible, to pledge his credit for the articles purchased by her from the plaintiff.

The judgment of the court below must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.