## ELDRIDGE v. HUSTED.

(Supreme Court, Appellate Term. July 1, 1898.)

1. APPEAL—REVIEW.

On an appeal from a judgment of the city court in the plaintiff's favor, all questions involving the credibility of witness must be resolved by the appellate term of the supreme court in favor of the plaintiff, and such facts deemed to be established as, upon any reasonable view of the evidence, the jury could have found in his interest.

2. POWER OF ATTORNEY—CONSTRUCTION.

In an action upon a promissory note, made in defendant's name by her husband as her attorney in fact, under a power to transact all her business and make notes in her name, the note being drawn to his own order, and indorsed to plaintiff, it appeared that if, as claimed, the transaction was merely a personal matter of the attorney, the plaintiff must have known it, and that he was put on notice of the terms of the power. *Held* that, as the power did not cover such a transaction, the exclusion of evidence for the defendant that she never received any consideration for the note constituted error.

Appeal from city court of New York, general term.

Action by John S. Eldridge against Sabina E. Husted. From a judgment of the general term (49 N. Y. Supp. 1019), affirming a judgment of the trial term in favor of plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

T. D. Rambaut, for appellant.

C. E. Hill, for respondent.

GILDERSLEEVE, J. This is an action on two promissory notes. As the appeal is from the city court, all questions involving the credibility of witnesses must be resolved in favor of the plaintiff, and such facts deemed to be established as, upon any reasonable view of the evidence, the jury could have found in his interest. See Pratt v. Insurance Co., 130 N. Y. 212, 29 N. E. 117. The defendant gave to her husband, Peter V. Husted, a power of attorney to manage her property, which power of attorney conferred upon said agent, among other things, authority to make and indorse promissory notes in her name. The uncontradicted evidence shows that Peter V. Husted was in business for himself, and had numerous transactions with the plaintiff on his own account; and that, being engaged in a mining operation with plaintiff, he made and delivered to the plaintiff two promissory notes, made in defendant's name, payable to his own order, and indorsed by him, aggregating $1,400. The plaintiff's version of the transaction, which must be accepted as correct, is this, viz.:

"Mr. Husted wanted some money, and I wanted some money, and he wanted to borrow my securities. I said: 'All right, Husted. If you will give me your wife's note, I will loan you my securities.' He said he would give me his wife's note. I think the money was borrowed through a man named Laux, and he made the loan verbally through Laux, of which a certain proportion I had; and he gave me Mrs. Husted's note, and stated at the time that he had a power of attorney to do it, and I took the note accordingly. The second note was done the same as the first, only at a later day. After that, I had this money, and he had his proportion of it, which was stated by this paper. These notes do not include any portion of the money which I received. I think all the money I had from Mr. Husted might possibly be under $100. The loans were never taken up, and my securities were forfeited."

The defendant made no motion to dismiss the complaint at the close of the case, nor did he move for the direction of a verdict in his favor. Had he made such a motion, and taken an exception to an adverse ruling, a question of law would have been raised for our consideration. The well-settled rule, however, limits the review by the appellate term of appeals from the city court to the exceptions taken and the errors of law presented, and, in the absence of the motion and exception above indicated, we cannot consider the question of alleged error in submitting the case to the jury. See Machauer v. Fogel, 21 Misc. Rep. 637, 47 N. Y. Supp. 1056; Geitelsohn v. Bank, 20 Misc. Rep. 84, 45 N. Y. Supp. 90.

There is, however, an exception to a ruling in respect to the exclusion of evidence which demands discussion. An examination of the power of attorney fails to disclose any indication of an intent on the part of defendant to bind her estate in matters pertaining solely to her agent's personal affairs; and the power to make notes in her name would seem to have reference only to the management of her own property, and to be incident solely to carrying on her own business affairs. The witness Peter V. Husted, at the commencement of defendant's case, is asked this question, viz.: "Q. Did the defendant ever receive one dollar consideration for those notes?" This was objected to, the objection was sustained, and an exception was taken by the defendant. It was here sought to introduce testimony tending to show that defendant had no interest in the transaction, and that it was a matter solely on the agent's personal account. An authority to make or indorse negotiable paper is subject to strict interpretation, and must be pursued strictly. The power will be construed as extending only to paper executed or indorsed in the business of the principal, and for his benefit. See 1 Am. & Eng. Enc. Law (2d Ed.) pp. 1033, 1034.

In the case of Bank of N. Y. Nat. Banking Ass'n v. American Dock & Trust Co., 143 N. Y. 564, 38 N. E. 713, the court of last resort (Peckham, J.) use these words, viz.:

"It is an acknowledged principle of the law of agency that a general power or authority given to the agent to do an act in behalf of the principal does not extend to a case where it appears that the agent' himself is the person interested on the other side. If such a power is intended to be given, it must be expressed in language so plain that no other interpretation can rationally be given to it; for it is, against the general law of reason that an agent should be intrusted with power to act for his principal and for himself at the same time."

In the case of Manhattan Life Ins. Co. v. Forty-Second & G. St. F. R. Co., 139 N. Y. 146, 34 N. E. 776, the court of appeals held that "an agent cannot bind his principal, even in matters touching his agency, when he is known to be acting for himself, or to have an adverse interest." See, also, Neuendorff v. Insurance Co., 69 N. Y. 389; Cheever v. Railroad Co., 150 N. Y. 67, 44 N. E. 701.

In the case of Pratt v. Insurance Co., 130 N. Y. 217, 29 N. E. 119, the court of appeals (Vann, J.) thus lay down the rule:

"It is the policy of the law to prevent an agent intrusted by his principal with the discharge of duties involving the exercise of judgment and discretion from making a contract in which he has a personal interest, that may conflict with the interest that he is bound to protect as the agent of another."

In the case at bar the plaintiff appears to have accepted Peter V. Husted's statement that he had the power to make the notes in his wife's name, without making any investigation or inquiries as to the extent of the agency. The uncontradicted testimony fairly warrants the conclusion that, if the transaction was a personal matter of the agent, and not of the principal, the plaintiff must have known that fact, or, at least, had sufficient notice to put him upon inquiry; and yet he took the notes without question, on the simple assertion of the agent that he had authority to make them. It is well settled that one who takes a negotiable note purporting to be made by an agent is bound to inquire as to the power of the agent. See Gould v. Town of Sterling, 23 N. Y. 464; Claflin v. Bank, 25 N. Y. 298. Third parties cannot rely upon the agent's mere assumption of authority. In dealing with an avowed agent they are put upon their guard by the very fact. Where the agent transcends the limits of his authority, and the person with whom he deals has notice of this sufficient to put him upon inquiry, he cannot charge the principal. See Leinkauf v. Lombard, Ayres & Co., 12 App. Div. 307, 42 N. Y. Supp. 391. In the case of Stainer v. Tysen, 3 Hill, 279, the rule is thus stated:

"A naked power to do acts for and in the name of the principal negatives all authority on the part of the attorney to act for the benefit of any one beside the principal, and persons dealing with the attorney as such are bound to notice this limitation."

It is very clear that it was perfectly proper to show that defendant had no interest in the transaction, and that the agent had no authority to make the notes in question for the purpose indicated, and that in so doing he transcended the powers conferred by his agency. The exclusion of the question above set forth was, therefore, error.

Furthermore, defendant requested the court to charge as follows, viz.: "A trustee or agent shall not act for his own benefit in any matter relating to his agency or trust." The court declined so to charge, and defendant duly excepted. While the request is, perhaps, somewhat broad and indefinite, still, under the circumstances disclosed by the evidence, it would have been proper and applicable, and it was error to refuse the request.

We are of opinion that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.