## HARDY v. EAGLE.

(Supreme Court, Appellate Term. December 13, 1898.)

1. APPEAL—EVIDENCE—PRESUMPTION AS TO SUFFICIENCY.

A failure to renew at the close of the evidence a motion made at the close of plaintiff's case to dismiss the complaint for insufficiency of proof, or to move for a verdict, creates, in an action against a husband for medical attendance and necessaries furnished to his wife, living apart from him, the presumption of his consent to a submission of the question whether "authority of necessity" was proved.

2. PARENT AND CHILD—ACTION FOR NECESSARIES—INSTRUCTIONS.

In an action against a parent for medical attendance on his son, an instruction that there was no liability, if the parent made a provision for the son, and allowed him to retain his own earnings, is properly refused, in the absence of proof that the parent assented to the son's retention of his earnings, if any, because the mere payment of an allowance weekly would not be an emancipation, unless it were found a sufficient one for the son's support.

3. SAME—ADEQUACY OF ALLOWANCE—QUESTION FOR JURY.

Whether a weekly allowance paid by defendant to his son was sufficient for the latter's maintenance was properly submitted to the jury in an action for necessaries defended on the ground that the payment of such sum was an emancipation.

4. HUSBAND AND WIFE—REFUSAL TO SUPPORT—HOW PROVED.

A demand on and refusal by a husband to support his wife may be inferred from the manner of his abandonment of her, where only a refusal could have been expected.

5. JUDGMENT—RES JUDICATA.

A judgment adverse to the wife in her action against the husband for abandonment is not conclusive for him that there was no abandonment, as against a physician, not a party to the former action, now suing for necessary attendance on the wife.

Appeal from the city court of New York, general term.

Action by S. Olin Hardy against Clifford F. Eagle. A judgment for plaintiff was affirmed by the general term (51 N. Y. Supp. 501), and defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Albert W. Seaman, for appellant.
Willis B. Dowd, for respondent.

GIEGERICH, J.    This action is brought to recover for medical,
services rendered the defendant's wife, and part of the claim is for
attendance upon her while she and the defendant were living together,
but the greater portion thereof is for services rendered while they
were living apart.    The claim is also for services rendered to a minor
son of the defendant while he was living with his mother during
the periods in question.    The answer of the defendant is a general
denial.    The testimony introduced in plaintiff's behalf tended to show
an abandonment by defendant of his wife, without adequate means of
support, while, according to the testimony of the defendant, he was
ready and willing to support her according to the best of his means.
It was conceded by the defendant upon the trial that the services ren-
dered were worth the amount charged.    The jury rendered a verdict
in favor of the plaintiff for the full amount claimed, and the judgment
entered thereupon has been affirmed by the general term of the city
court, from which affirmance the defendant has appealed.

A reversal of the judgment is sought upon the facts, but as the de-
fendant did not at the close of the testimony renew the motion to dis-
miss the complaint made when the plaintiff rested, nor ask for a direc-
tion of a verdict in his favor, it must be assumed that there was suffi-
cient evidence to carry the case to the jury, and to support the ver-
dict.    Eckensberger v. Amend, 10 Misc. Rep. 145, 30 N. Y. Supp. 915;
Barrett v. Railroad Co., 45 N. Y. 628; Schwinger v. Raymond, 105 N.
Y. 648, 11 N. E. 952; Sullivan v. Brooks, 10 Misc. Rep. 368, 31 N. Y.
Supp. 36; Scott v. Yeandle, 20 Misc. Rep. 89, 45 N. Y. Supp. 87;
Eldridge v. Husted (Sup.) 52 N. Y. Supp. 682; Hobson v. Milk Co.,
25 App. Div. 111, 49 N. Y. Supp. 209.    Upon an appeal from the said
court, we are limited to a consideration of questions of law only, aris-
ing upon exceptions taken during the trial.    Briscoe v. Litt, 19 Misc.
Rep. 5–8, 42 N. Y. Supp. 908; Bogan v. Wright, 22 Misc. Rep. 96,
48 N. Y. Supp. 546; In re Blumenthal, 22 Misc. Rep. 704, 50 N. Y.
Supp. 49.    And in the absence of such motion, and an exception to
its denial, the defendant must be regarded as having consented to the
submission to the jury of the question as to whether the elements neces-
sary to constitute an "authority of necessity" in the defendant's wife
(Bostwick v. Brower, 22 Misc. Rep. 709, 710, 49 N. Y. Supp. 1046;
Schouler, Dom. Rel. § 66) were established (Scott v. Yeandle, supra).

At the conclusion of the court's charge, the defendant requested
the trial justice to instruct the jury that if they found "the defendant
was the mainstay of the oldest son, and made provision for him to live
in a separate place from him, and allowed him to retain his wages,
then for the services rendered to the son by the plaintiff the defendant
is not liable."    This he refused to do, and instructed the jury that
"the father was called upon to furnish food and clothing for his minor
children.    The jury will say whether, from the child's physical condi-
tion, $5 a week, as made by the father for him, was such a suitable
allowance as would exempt him from liability for necessaries"; to

which modification of the request the defendant excepted.  There was no proof that any wages were earned by the son during the period in question, nor that the defendant consented to the former's control of his own earnings, if any; and hence the request was properly refused.  The mere fact that the defendant made weekly payments of $5 to his son did not constitute an emancipation, as defined by the authorities (Porter v. Powell [Iowa] 44 N. W. 295; see 17 Am. & Eng. Enc. Law, 393), nor exempt him from liability for necessaries furnished to the son, if the sums so paid were insufficient for his maintenance (Baker v. Keen, 2 Starkie, 501; Parker v. Tillinghast, 19 Abb. N. C. 190; Porter v. Powell, supra).  Whether such weekly allowance was or was not sufficient was therefore properly left to the jury.  As was said by McAdam, J., in Parker v. Tillinghast, 19 Abb. N. C. 192:

"When the standard of paternal duty is a shifting one, depending upon circumstances and on inferences about which intelligent persons may honestly differ, it is a question which should be determined by the jury."

Actual proof of an express demand that the husband support his wife, and of his refusal, is not essential to the cause of action of a party who has furnished the wife with necessaries after the husband's act of abandonment.  The dictum in Catlin v. Martin, 69 N. Y. 393, to the effect that this demand was a necessary element of the case, had application, at most, to the peculiar facts disclosed in that action, and as is pointed out in Minck v. Same, 54 N. Y. Super. Ct. 136, did not establish a rule of general application.  In the case at bar the jury could have inferred from the proof relative to the manner in which the defendant willfully abandoned his wife that, by reason of the attitude assumed by the defendant, a demand for support would have been wholly useless, since its refusal only, and nothing else, could have been expected.  Moreover, as I have said, it is to be assumed that there was proof sufficient to take the case to the jury upon the facts, and that the defendant consented to the submission of the issues as of fact. Of the abandonment itself, ample evidence was furnished by the testimony of the wife, called as a witness for the plaintiff; and there was no error in the refusal of the trial court to charge that the judgment in favor of the defendant in the wife's action for abandonment was conclusive to the contrary.  The judgment failed of the main essential of a former adjudication, in that it was not rendered in an action between the parties here concerned, and this plaintiff was in no sense in privity to the wife, and so to be bound by the judgment against her upon the facts which form the basis of the present action.  See Burlen v. Shannon, 3 Gray, 387, where this point was fully considered, and cited with approval in Sturbridge v. Franklin, 160 Mass. 149, 35 N. E. 669.

The exceptions to the admission or exclusion of evidence are, in my opinion, without merit.

For these reasons the judgment should be affirmed, with costs.  All concur.